In re BLANKENSTEYN.

(Circuit Court, S. D. New York. May 31, 1902.)

No. 2,964.

1. CUSTOMS DUTIES—BLEACHED COTTON CLOTH.

Bleached cotton cloth, containing under 50 threads to the square inch, counting both warp and filling, though costing over 9 cents per square yard, is assessable at 1¼ cents per square yard, under paragraph 252 of the tariff act of 1894, which enumerates "cotton cloth * * * not exceeding fifty threads to the square inch, counting the warp and filling, * * * bleached, one and one fourth cents per square yard," and not at 25 per cent. ad valorem, under paragraph 253, which provides for the assessment of bleached cotton cloth "exceeding fifty, and not exceeding one hundred, threads to the square inch, counting the warp and filling," "provided, that in all cotton cloth, not exceeding one hundred threads to the square inch, counting the warp and filling, * * * bleached, valued at over nine cents per square yard, * * * there shall be levied, collected, and paid a duty of twenty-five per cent. ad valorem"; the proviso applying only to paragraph 253.

Appeal by the United States from a decision of the board of United States general appraisers, which reversed the decision of the collector of customs at the port of New York.

The following is the opinion of the board of general appraisers:

The merchandise covered by the protest consists of cotton cloth of the following description: (1) It is bleached. (2) It contains under 50 threads to the square inch, counting both warp and filling. (3) It cost over 9 cents per square yard. The goods were assessed for duty at 25 per cent. ad valorem, under paragraph 253 of the tariff act of August, 1894, and are claimed to be dutiable at 1¼ cents per square yard, under paragraph 252 of said act. Paragraph 253, under which the assessment was made, provides, among other kinds of cotton cloth, for bleached cotton cloth, of various specified weights, "exceeding fifty, and not exceeding one hundred, threads to the square inch, counting the warp and filling." Then follows a proviso, which reads in part as follows: "Provided, that in all cotton cloth, not exceeding one hundred threads to the square inch, counting the warp and filling, * * * bleached, valued at over nine cents per square yard, twenty-five per cent. ad valorem; and dyed, colored, stained, etc., * * * valued at over twelve cents per yard, there shall be levied, collected, and paid a duty of thirty per cent. ad valorem." The language of this paragraph is awkward in its grammatical arrangement, but must be construed to imply that the phrase, "there shall be levied, collected, and paid," etc., has reference as well to the words "twenty-five per cent. ad valorem" preceding, as to the words "thirty per cent. ad valorem"

following it. The collector obviously so construed it in making the assessment of the duties in question. The claim made in the protest is that the goods in question are more specifically provided for in paragraph 252, which enumerates "cotton cloth, * * * not exceeding fifty threads to the square inch, counting the warp and filling, * * * bleached, one and one-fourth cents per square yard." The contention is that the proviso to said paragraph 253 applies only to the goods described in that particular paragraph, and not to those mentioned in the preceding one, i. e., to bleached cotton "exceeding fifty, and not exceeding one hundred, threads to the square inch," and not to cotton cloth under, or not exceeding, 50 threads to the square inch. The rule as to a proviso is that it is generally "to be construed with reference to the immediately preceding parts of the clause to which it is attached, and limits only the passage to which it is appended, and not the whole section or act, or at least only the section with which it is incorporated." Endl. Interp. St. § 186; Lehigh Co. v. Meyer, 102 Pa. 479. The case of Marine v. Packham, 3 C. C. A. 210, 52 Fed. 579, which was decided by a divided court, cannot be construed to be in conflict with this well-settled rule of statutory construction. In re Salomon (C. C.) 55 Fed. 285. We accordingly hold that the proviso in question does not apply to said paragraph 252, but only to paragraph 253, to which it is attached. The protest is sustained, and the collector's decision reversed, with instructions to reliquidate the entry accordingly.

Charles D. Baker, Asst. U. S. Atty.

W. Wickham Smith, for importers.

LACOMBE, Circuit Judge (orally). I entirely concur in the opinion of the board of general appraisers. Decision affirmed.